UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Kristin Williams HUGHES,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>Robert K. WONG, Acting Warden of San Quentin State Prison, and Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation,<br><br>　　　　　　Respondents. | Case Number 3-3-cv-2666-JSW<br><br>DEATH-PENALTY CASE<br><br>ORDER REGARDING PROCEDURAL DEFAULT |

　　In their answer to Petitioner's application for a writ of habeas corpus, Respondents contend that a number of claims in that application are procedurally defaulted. Petitioner briefed this issue in his traverse. The parties report in a joint case-management statement that Respondents do not wish to file any further briefing in reply to the traverse and that, accordingly, "the parties submit the matter to the Court for resolution on the basis of the answer and traverse." (Doc. No. 66 at 1.)

　　As a general matter, a federal habeas court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). "A state procedural bar is inadequate to support a state-

court judgment if it is not 'clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Dennis v. Brown*, 361 F. Supp. 2d 1124, 1128 (N.D. Cal. 2005) (quoting *Wells v. Maas*, 28 F.3d 1005, 1010 (9th Cir. 1994). A burden-shifting test governs the determination of whether a state procedural bar is adequate.

> [T]he ultimate burden of proving the adequacy of the California state bar is upon the State of California. . . . Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense at issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's. [¶] Accordingly, because it is the State who seeks dismissal based on the procedural bar, it is the State who must bear the burden of demonstrating that the bar is applicable. . . .

*Bennett v. Mueller*, 322 F.3d 573, 585–86 (9th Cir. 2003).

In their answer to the petition in the present action, Respondents contend that the prosecutorial-misconduct component of Claim I, Claim II (except the ineffective-assistance-of-counsel component), and Claim VIII are defaulted as pretermitted; Claims II(G), XI(C), XVI(A), XVII, XIX(A), XXI(B), XXI(C), and XXIV are defaulted pursuant to the contemporaneous-objection rule; and Claim IV is defaulted pursuant to *Stone v. Powell*, 428 U.S. 465 (1976). (Doc. No. 58 at 32.) By so alleging, Respondents have met their initial burden of "adequately ple[a]d[ing] the existence of an independent and adequate state procedural ground as an affirmative defense," *Bennett*, 322 F.3d at 586. *See Dennis*, 361 F. Supp. 2d at 1129.

Petitioner responds in his traverse that the first two grounds upon which Respondents base their assertions of procedural default are inadequate. Petitioner asserts "specific factual allegations that demonstrate the inadequacy of the state procedure[s], including citation to authority demonstrating inconsistent application of the rule[s]," *Bennett*, 322 F.3d at 586. (Doc. No. 65 at 11–18 (contemporaneous objection); *id.* at 20–22 (pretermitted). This is sufficient for Petitioner to meet his burden under *Bennett*. *See Dennis*, 361 F. Supp. 2d 1130–32.

Since Petitioner has met his burden, the burden shifts back to Respondents to prove the adequacy of the state procedural bars at issue by demonstrating the consistent application of the

rules. *Bennett*, 322 F.3d at 586.  Respondents have declined even to attempt to meet this "ultimate burden," *id.* at 585.  This is likely due to the difficulty of meeting their burden:  for example, in *Dennis*, 361 F. Supp. 2d 1124, the court established conclusively that California's procedural bars of claims as untimely, successive, and pretermitted have never been adequate, and—barring a sea change in how the Supreme Court of California explains the application of such bars—they never will be adequate.  Regardless, the fact that Respondents decline to attempt to meet their ultimate burden necessarily means that they fail to meet that burden.  They therefore have failed to establish the affirmative defense of procedural default as to claims barred as pretermitted or pursuant to the contemporaneous-objection rule.

As to the purported default of Claim IV pursuant to *Stone v. Powell*, 428 U.S. 465, Petitioner points out in his traverse that *Powell*, in which the Supreme Court of the United States addressed the unavailability of federal habeas relief for violations of the Fourth Amendment's exclusionary rule, is a federal case rather than a state procedural bar, and is irrelevant to Claim IV, which is premised on alleged violations of the Fifth, Sixth, Eighth, and Fourteenth—but not the Fourth—Amendments.  Respondents do not deny these persuasive statements.  Thus, Claim IV is not procedurally defaulted.

For the reasons explained herein, the Court concludes that none of the claims in Petitioner's federal habeas application are procedurally defaulted.  Petitioner shall file a motion for discovery within ninety days after the present order is filed; Respondent shall file any opposition to the motion for discovery within sixty days after the motion is filed; Petitioner shall file any reply to the opposition within thirty days after the opposition is filed.  Unless otherwise ordered, the Court will take the motion under submission without oral argument upon receipt of the reply brief or upon the expiration of the time to file a reply brief.

*It is so ordered.*

DATED: October 21, 2009

_____
JEFFREY S. WHITE
United States District Judge