UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| Kristin Williams HUGHES, | Case Number 3-3-cv-2666-JSW |
|---|---|
| Petitioner, | DEATH-PENALTY CASE |
| v. | ORDER DENYING RESPONDENTS' MOTION FOR RECONSIDERATION REGARDING PROCEDURAL DEFAULT AND GRANTING LEAVE TO MOVE FOR DISCOVERY |
| Kevin CHAPPELL, Acting Warden of San Quentin State Prison, and Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, | |
| Respondents. | [Doc. No. 89] |

I

In its Order Regarding Procedural Default in this capital habeas action, the Court noted that Respondents had declined to meet their burden of establishing the adequacy of certain state procedural rules and therefore had failed to establish the affirmative defense of procedural default as to certain claims. (Doc. No. 67.) The Court further directed the parties to brief a motion for discovery. (*Id.* at 3.)

The Supreme Court subsequently issued decisions in *Walker v. Martin*, 562 U.S. ___, 131 S. Ct. 1120 (2011), and *Cullen v. Pinholster*, 536 U.S. ___, 131 S. Ct. 1388 (2011). In *Martin*, the Supreme Court found California's timeliness requirement for state habeas applications to be adequate. 131 S. Ct. at 1131. In *Pinholster*, the Supreme Court held that

federal habeas review under 28 U.S.C. § 2254(d)(1) (2012) is limited to the record that was before the state court that adjudicated the claim at issue on the merits. 131 S. Ct. at 1398.

In light of these decisions, this Court granted Respondents leave to move for reconsideration of this Court's Order Regarding Procedural Default. (Doc. No. 88.) In their Motion for Reconsideration of Order Regarding Procedural Default and Granting Leave to Move for Discovery, Respondents seek reconsideration of the Court's ruling on procedural default as well as its decision to grant Petitioner leave to move for discovery. (Doc. No. 89; *see also* Doc. No. 97.) Petitioner opposes the Motion. (Doc. No. 94.)

## II

While briefing of the Motion was ongoing, the Supreme Court issued another decision regarding procedural default, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), which complicated and confused the matter even further. *See, e.g.*, *Runningeagle v. Ryan*, ___ F.3d ___, No. 07-99026, 2012 WL 2913810, at *19 n.12 (9th Cir. July 18, 2012); *Runningeagle*, slip op. at 1–2 (concurrently filed order remanding for reconsideration in light of *Martinez*). However, the Court need not answer at this time the complex questions created by the recent developments in the law of procedural default, as the Court may be able to resolve the claims at issue on the merits. Moreover, as Respondents point out, (Doc. No. 89 at 6–7), even if certain claims are procedurally defaulted, the Court will need to determine whether Petitioner can overcome the defaults by demonstrating cause and prejudice or a fundamental miscarriage of justice; to do so, the Court will need to examine the merits. Accordingly, the Court declines to reconsider the issue of procedural default at present. Respondents may renew their motion if the Court ultimately finds any of the claims at issue to be otherwise meritorious.

## III

In *Pinholster*, the Supreme Court observed that "although state prisoners may sometimes submit new evidence in federal court," they are "strongly discourage[d] from doing so." 131 S. Ct. at 1401. This is because the "federal habeas scheme leaves primary responsibility with the state courts" by "channel[ing] prisoners' claims first to the state court." *Id.* at 1398–99 (internal quotation marks and citation omitted). Thus, a federal habeas court "analyz[ing] whether a state

2

court's adjudication resulted in a decision that unreasonably applied federal law" cannot consider "facts not before the state court." *Id.* at 1399.

While acknowledging that "*Pinholster* did not directly address the scope of discovery under Rule 6(a)" of the Rules Governing Section 2254 Cases in the United States District Courts, (Doc. No. 89 at 3), Respondents contend that the logic of *Pinholster* should be extended to prohibit evidentiary development in federal court of claims denied on the merits in state court, (*id.* at 3–4 (citing cases)). However, as another judge on this Court has observed, "*Pinholster*, though seemingly straightforward and unambiguous, actually raises more questions than it provides answers regarding a district court's ability to conduct evidentiary hearings and permit new evidence in federal habeas proceedings." *Rodriguez v. Adams*, No. 4-4-cv-2233-PJH, 2012 WL 610482, at *2 (N.D. Cal. Feb. 24, 2012). Indeed, *Pinholster* explicitly did not decide "whether a district court may ever choose to hold an evidentiary hearing before it determines that § 2254(d) has been satisfied." *Pinholster*, 131 S. Ct. at 1411 n.20. Moreover, the Court of Appeals for the Ninth Circuit outlined an approach in *Gonzalez v. Wong*, 667 F.3d 965 (9th Cir. 2011), that appears to point the best way forward in the present action. *But see, e.g.*, *Runningeagle*, 2012 WL 2913810, at *10 (stating in dicta without analysis that the petitioner "is not entitled to an evidentiary hearing or additional discovery because his claim is governed by 28 U.S.C. § 2254(d)(1)").

Pursuant to *Gonzalez*, if additional evidence is developed during federal habeas proceedings, a petitioner who diligently sought factual development in state court, and who wishes to have the evidence considered during the district court's § 2254(d)(1) analysis, must first present the evidence to the state court if the state court remains open to hear the evidence. If the new materials "strengthen [the relevant] claim to the point that [the petitioner's] argument would be potentially meritorious—that is, that a reasonable state court might be persuaded to grant relief on that claim," then the district court should "stay the proceeding in order to give [the petitioner] an opportunity to return to state court and present his claim with the benefit of the materials that were not available and not part of the record at the time of the California Supreme Court decision." 667 F.3d at 972. This ensures that "habeas claims of state prisoners

3

Case No. 3-3-cv-2666-JSW
ORDER DEN. RESP'TS' MOT. RECONS. RE PROCEDURAL DEFAULT & GRANT'G LEAVE MOVE FOR DISC. (DPSAGOK)

1 be channeled in the first instance to the state court." *Id.* (citing *Pinholster*, 131 S. Ct. at 1398). "It also protects [a petitioner's] interest in obtaining federal review of his claim," *id.* at 980, for a diligent petitioner's "interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). "Once the state court has spoken" on a claim in light of new evidence, a petitioner "may, if necessary, return to district court and reactivate the federal proceedings." *Gonzalez*, 667 F.3d at 980.[1]

Accordingly, *Gonzalez* teaches that Petitioner should be permitted to engage in discovery that was precluded in state-court proceedings if he establishes good cause for the discovery. If the discovery results in evidence that renders any claim potentially meritorious, it may become appropriate to stay the present action while Petitioner presents the evidence to the Supreme Court of California.

\* \* \*

Good cause appearing therefor, Respondents' Motion for Reconsideration of Order Regarding Procedural Default and Granting Leave to Move for Discovery is denied. Petitioner may move for discovery within thirty days after this Order is filed; Respondents shall respond to the motion within thirty days after the motion is filed; Petitioner may reply within thirty days after the response is filed. Unless otherwise ordered, the Court will take the matter under submission upon receipt of the reply or the expiration of the time to reply.

**IT IS SO ORDERED.**

DATED: July 25, 2012

_____
JEFFREY S. WHITE
United States District Judge

---

[1] The Court rejects as lacking foundation Respondents' suggestion, (Doc. No. 97 at 3–4), that the holding of *Gonzalez* be limited to its facts and by its particular procedural posture.

4